UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LARRY CLARK DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 12-cv-131-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD B. IVES, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Larry Clark Davis is an individual formerly confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky.[1] Proceeding without an attorney, Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his underlying criminal conviction. [R. 1.] By prior Order, the Court granted Davis's motion to waive payment of the filing fee. [R. 5.]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Davis's petition under a more lenient standard because he is not represented by an attorney.

---

[1] Davis was later transferred to the United States Penitentiary in Beaumont, Texas. [R. 4]

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because Davis can not pursue his claims in a habeas corpus proceeding under § 2241.

**I**

On April 6, 1999, Davis was indicted in the United States District Court for the Eastern District of Arkansas for attempted armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (f); using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c) and (f); and of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g) and (f). *United States v. Larry Davis,* No. 4: 99-cr-042-JMM (E. D. Ark. 1999). Davis pled not guilty to these charges, but was convicted on all charges following a jury trial. [*Id.*; R. 91, 92, 93, 94.] Davis was sentenced on October 18, 2000, and received a life sentence, a consecutive 84-month sentence, and a concurrent 120-month sentence. [*Id.* R. 140.] On September 24, 2001, the United States Court of Appeals for the Eighth Circuit affirmed his convictions, *United States v. Davis*, 260 F.3d 965 (8th Cir. 2001), and the Supreme Court denied his petition for a writ of *certiorari* on January 14, 2002. [*Id.*; R. 153]

Davis then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the trial court. [*Id.*; R. 154.] On April 10, 2002, the trial court denied Davis's Section 2255 motion. [*Id.*; R. 155] Davis did not appeal that denial. On June 27, 2005, Davis filed a second Section 2255 motion [*Id.*; R. 160], which was denied as successive. [*Id.*; R. 162.] Davis then filed an application in the Eighth Circuit for permission to file a successive habeas

2

petition. On March 6, 2006, the Eighth Circuit denied that application. [*Id.*; R. 164] Subsequently, on May 29, 2012, Davis filed another Section 2255 motion in the trial court seeking relief under *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1375 (2012). [*Id.* R. 180.] On June 18, 2012, the trial court denied this motion because Davis had not obtained permission from the Eighth Circuit Court of Appeals to file it. [*Id.* R. 182.]

Three weeks later, Davis filed his current petition asserting the same grounds for relief under *Fry* and *Lafler* under § 2241. He challenges his conviction, claiming that as the result of a substantive change in the law, he is now "actually innocent" of having violated 18 U.S.C. §§ 922(g)(1) and 924(e)(1) for which he was convicted in 2000. Davis argues that *Fry*, *Lafler*, *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), and *Smith v. Cain*, ___ U.S. ___, 132 S.Ct. 627 (2012) are retroactively applicable to cases on collateral review. He requests that his convictions and sentences be vacated and that the Court order the government to offer him a plea deal for a five-year sentence. Alternatively, Davis requests that he be released from his allegedly unlawful incarceration.

**II**

Davis is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999). Instead, Davis contends that recent decisions from the United States Supreme Court, all of which post-date his conviction in 2000, render him "actually innocent" of the firearms offenses for which he was convicted. Thus, Davis essentially challenges the validity of his underlying conviction and sentences on the two

3

firearms charges. However, § 2241 is not the mechanism for asserting such a challenge. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL at 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

Section § 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241, but only if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Davis cannot make that showing because he unsuccessfully challenged his federal conviction and sentence in a § 2255 motion in the sentencing court. That motion was denied in 2002. Thereafter, Davis has filed two successive § 2255 motions in the trial court, both of which were denied. His most recent successive § 2255 motion, filed on May 29, 2012 [*Id.,*R. 180] was denied because Davis did not first obtain permission from the Eighth Circuit Court of Appeals to file it. [*Id.* R. 182.] In lieu of seeking such permission from the Eighth Circuit, a course he should have followed, Davis elected to file the present § 2241 habeas petition instead.

The remedy provided under § 2255 is not rendered inadequate and ineffective if the petitioner presented a claim in a § 2255 motion but was denied relief on the claim; failed to

4

assert a claim in his § 2255 motion; or was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09CV2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to allege the existence of a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Davis alleges that he was convicted of conduct that the law no longer makes criminal in light of U.S. Supreme Court decisions rendered in 2010 and 2012, post-dating both his direct appeal in 2000 and the filing of his first § 2255 motion in 2002. Davis further contends that the recent Supreme Court decisions on which he relies are retroactively applicable to him.

5

At this juncture, Davis has not established that he is entitled to pursue his claims in a § 2241 petition because the remedy provided under § 2255 is inadequate or ineffective. Given that Davis is relying on Supreme Court decisions rendered in 2010 and 2012, Davis's remedy is to seek permission from the Eighth Circuit Court of Appeals for leave to file a successive § 2255 motion in the trial court based on an intervening substantive change in the law that renders his conduct no longer a criminal offense. He has yet to pursue that course of action. In addition, federal courts have consistently found that these Supreme Court decisions are not retroactively applicable to cases on collateral review. *Cf. In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *United States v. Powell*, 691 F.3d 554 (4th Cir.2012). The Court will therefore deny the petition.

### III

Accordingly, **IT IS ORDERED** that:

1. Larry Clark Davis's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 24th day of June, 2013.

